LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JAVIER ESTRADA,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

      Plaintiff,

          v.

KINGSBRIDGE MARKETPLACE CORP.
d/b/a FOODTOWN, VERNON
MARKETPLACE, INC. d/b/a FOODTOWN,
and ESMAIL MOBARAK,

      Defendants.

---

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff, JAVIER ESTRADA ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this class and collective action Complaint against Defendants, KINGSBRIDGE MARKETPLACE CORP. d/b/a FOODTOWN, VERNON MARKETPLACE, INC. d/b/a FOODTOWN (the "Corporate Defendants"), ESMAIL MOBARAK, (the "Individual Defendant") (each individually, "Defendant" or, collectively, "Defendants"), and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he, and others similarly situated are entitled to recover from Defendants: (1) unpaid wages for off-the-clock work caused by time shaving, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages for off-the-clock work caused by time shaving, (2) unpaid "spread of hours" premium, (3) liquidated damages, (4) statutory penalties and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, JAVIER ESTRADA, is a resident of Westchester County, New York.

6. Corporate Defendants:

(a) Defendant, KINGSBRIDGE MARKETPLACE CORP. d/b/a FOODTOWN is a domestic business corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at 5555 Broadway, Bronx, NY, 10463. Defendant, KINGSBRIDGE MARKETPLACE CORP. owns and operates "Foodtown" supermarket, which is located at 5555 Broadway, Bronx, NY 10463.

(b) Defendant, VERNON MARKETPLACE, INC. d/b/a FOODTOWN is a domestic business corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at 31 E Prospect Avenue, Mt Vernon, NY, 10550. Defendant, VERNON MARKETPLACE, INC. owns and operates "Foodtown" supermarket, which is located at 31 E. Prospect Avenue, Mt Vernon, NY, 10550.

7. Individual Defendants:

(a) Upon information and belief, Defendant, ESMAIL MOBARAK, is the Principal and Chief Executive Officer of both KINGSBRIDGE MARKETPLACE CORP. and VERNON MARKETPLACE, INC. ESMAIL MOBARAK exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. ESMAIL MOBARAK exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class.

8. Upon information and belief, Defendant ESMAIL MOBARAK owns two supermarket enterprises, KINGSBRIDGE MARKETPLACE CORP. and VERNON MARKETPLACE, INC., operating under the "Foodtown" brand. Upon belief, Defendant ESMAIL MOBARAK operates such supermarket with a common wage and hour policy. Food items were freely interchangeable and transferred amongst the Foodtown Supermarkets owned and operated by ESMAIL MOBARAK.

9. At all relevant times, each of the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper wages due to time shaving. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at each of their business locations on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16. The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay "spread of hours" premium; (ii) failing to pay the proper wages due to time shaving; (iii) failing to provide proper wage and hour notice to Class members, at date of hiring and annually,

5

per requirements of the New York Labor Law; and (iv) failing to provide wage statements per requirement of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the

claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

  a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

  b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants paid Plaintiff and Class members for all hours worked given Defendants' illegal policy of time-shaving;

e) Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under the New York Labor Law;

f) Whether Defendants provided proper wage and hour notice to employees, including rate of compensation, trade name of employer, among others, at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law; and

g) Whether Defendants paid Plaintiff and the Class members the New York State "spread of hours" premium when their workdays exceeded ten (10) hours.

## STATEMENT OF FACTS

22. From in or about May 2010 until on or about July 1, 2017, Plaintiff JAVIER ESTRADA was employed by Defendants as a stocking clerk to work at Defendants' "Foodtown" supermarket located at 5555 Broadway, Bronx, NY 10463.

23. Throughout Plaintiff JAVIER ESTRADA's employment with Defendants, he regularly worked over 40 hours per week, he regularly worked over 10 hours on Mondays, Tuesdays, Wednesdays, Thursdays, Fridays and Saturdays, for 6 days a week. Specifically, Plaintiff JAVIER ESTRADA regularly worked for 12 hours a day on

8

Mondays, Wednesdays, Fridays and Saturdays, and 10 hours a day on Tuesdays and Thursdays, for a total of over 68 hours per workweek.

24. Throughout Plaintiff JAVIER ESTRADA's employment, he was always paid in cash. From in or about May 2010 to in or about September 2010, he was working at the produce department and he was paid a regular rate of $7.50 per hour. From in or about October 2010, he was working at the grocery department and he was paid a regular rate of $7.25 per hour. From in or about January 2017 to on or about July 1, 2017, he was paid a regular rate of $12.50 per hour.

25. Throughout Plaintiff JAVIER ESTRADA's employment, Defendants required him not to clock in until he worked for up to 2 hours, and stay to work for up to 2 hours after he clocked out. Specifically, Plaintiff JAVIER ESTRADA regularly worked from 6:30 a.m. to 6:30 p.m. on Mondays, Wednesdays, Fridays, but Defendants required him to clock in at 7:00 a.m. and clock out at 6:00 p.m.; Plaintiff JAVIER ESTRADA regularly worked from 7:30 a.m. to 5:30 p.m. on Tuesdays and Thursdays, but Defendants required him to clock in at 7:00 a.m. and clock out at 5:00 p.m.; Plaintiff JAVIER ESTRADA regularly worked from 12:00 p.m. to 12:00 a.m. on Saturdays, but Defendants required him to clock in at 2:00 p.m. and clock out at 10:00 p.m.

25. Such policy of time shaving was prevalent at each of Defendants' "Foodtown" supermarkets, and applied to all non-exempt employees. Because of Defendants' policy of time shaving, Plaintiff and Class members did not properly receive their wages due to the hours worked as reflected in the paystubs were incorrect.

26. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and Class members.

27. Defendants knowingly and willfully operated their business with a policy of not providing proper wages statements to Plaintiff and Class members as required under the New York Labor Law.

28. Defendants knowingly and willfully failed to provide proper notice to employees, including rate of compensation, trade name of employer, among others, at the beginning of employment and annually thereafter to Plaintiff and Class members as required under the New York Labor Law.

29. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

30. Plaintiff realleges and reavers Paragraphs 1 through 29 of this class and collective action Complaint as if fully set forth herein.

31. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

32. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiff within the meaning of the FLSA.

33. Upon information and belief, at all relevant times, each of the Corporate Defendants had gross annual revenues in excess of $500,000.

34. At all relevant times, the Defendants had a policy and practice of refusing to pay the proper wages to Plaintiff and FLSA Collective Plaintiffs for their hours worked due to Defendants' policy of time shaving.

35. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs their wages in the lawful amount for their hours worked.

36. Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them wages in the lawful amount for hours worked.

37. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

38. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

39. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

40. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and

FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, plus an equal amount as liquidated damages.

41. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

42. Plaintiff realleges and reavers Paragraphs 1 through 49 of this class and collective action Complaint as if fully set forth herein.

43. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

44. Defendants willfully violated Plaintiff and Class members' rights by failing to pay Plaintiff wages in the lawful amount for hours worked due to time shaving.

45. Plaintiff and Class members sometimes worked more than ten (10) hours in a workday. Defendants willfully violated Plaintiff and Class members' rights by failing to pay "spread of hours" premium to Plaintiff and Class members.

46. Defendants willfully violated Plaintiff's and Class members' rights by paying them on a fixed salary basis, in violation of the New York Labor Law because Plaintiff and Class members are non-exempt employees who must be paid on an hourly basis.

47. Defendants knowingly and willfully operated their business with a policy not providing proper wage statements to Plaintiff and Class members, in violation of the New York Labor Law.

48. Defendants willfully violated Plaintiff and Class members' rights by failing to provide them proper wage notice, at the date of hiring and annually, in violation of the

New York Labor Law.

49. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid proper wages due to time shaving, unpaid "spread of hours" premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. A declaratory judgment that Defendants engaged in unlawful employment practices under the FLSA and New York Labor Law.

c. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid wages due under the FLSA and the New York Labor Law due to Defendants' policy of time shaving;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

      f.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wage and "spread of hours" premium pursuant to the New York Labor Law;

      g,      An award of punitive damages;

      h.      An award of prejudgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

      i.      Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

      j.      Designation of this action as a class action pursuant to F.R.C.P. 23;

      k.      Designation of Plaintiff as Representatives of Class; and

      l.      Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: December 19, 2017

                      Respectfully submitted,

                      LEE LITIGATION GROUP, PLLC
                      C.K. Lee (CL 4086)
                      30 East 39th Street, Second Floor
                      New York, NY 10016
                      Tel.: 212-465-1188
                      Fax: 212-465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By:   */s/ C.K. Lee*
      C.K. Lee (CL 4086)