PUTNEY, TWOMBLY, HALL & HIRSON LLP

ESTABLISHED 1866
COUNSELORS AT LAW
521 FIFTH AVENUE
NEW YORK, NEW YORK 10175
(212) 682-0020 - TELEFAX (212) 682-9380

May 28, 2019

<u>*Via ECF*</u>
Honorable Lisa Margaret Smith, U.S.M.J.
U.S. District Court Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Re:** <u>Estrada et al. v. Kingsbridge Marketplace et al., 17-cv-09890 (NSR) (LMS)</u>

Dear Judge Smith:

We represent Defendants in the above-referenced matter. We write this letter as a motion to compel responses to Defendants' Interrogatories. Defendants, specifically, seek disclosure of Plaintiffs' cell phone numbers and cell phone service providers. Defendants also seek costs, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, incurred due to Plaintiff Luisangela Duarte's failure to appear for depositions.

On March 5, 2019, Defendants served their First Request for Documents and First Set of Interrogatories on Plaintiffs. On April 19, all Plaintiffs relevant to this motion provided interrogatory responses to Defendants.

Depositions for Plaintiff Luisangela Duarte were cancelled twice in the same week. Defendants cancelled the first deposition, scheduled for May 7, 2019, due to Plaintiff's eleventh-hour notice of a postponement of the deposition to Thursday, May 9. While the Parties discussed the potential for postponement a week earlier, Plaintiffs only informed Defendants of their decision after 5:00 PM on Monday, May 6. Defendants then wrote to Plaintiffs' counsel's office at 9:04 PM on May 6 to confirm, as per the Parties' discussion, that the deposition would be moved to Thursday, May 9. At 5:07 PM on May 7, Plaintiffs wrote Defendants to cancel the deposition for May 9. On

May 20, counsel for Defendants wrote to counsel for Plaintiffs in a good faith attempt to resolve certain discovery disputes and management issues. After further attempts to resolve the deficiencies in Plaintiffs' discovery response, the Parties have been unable to reach a solution to certain issues.

**Plaintiffs' Refusal to Identify Telephone Numbers and Cell Phone Service Providers[1]**

Interrogatory #15 requires each Plaintiff to: "Identify any and all telephone numbers maintained by you, or to which you have used during the period of your employment […] including cell phone numbers, as well as the service provider of all said phone numbers." This cases hinges on an extraordinary number of hours that Plaintiffs alleged was "shaved" off their time records. Each Plaintiff has alleged that they worked one to two hours "off the clock" before and after work. These allegations are made solely on each Plaintiffs' own recollections. This information is relevant because cell phone records would lead to Plaintiffs' location during "off the clock" hours.

Cell phone service providers typically retain cellular tower data that regularly monitors the location of cell phones by "pinging" the phone to cellular towers close to each phone. Some service providers retain data for as little as six months and others eighteen to twenty-four months. For the one to two unrecorded hours (before and after work), cellular tower records will provide an accurate account of whether each Plaintiff was on-site at the supermarkets or off-site. Location will be the most precise and accurate measure of whether "off the clock" work occurred.

Plaintiffs refused to produce this information on the ground that such request would be overly intrusive. However, these concerns are invalid for two reasons. First, their objections are premature because the appropriate time to raise such objections would be through a motion to quash or oppose any subpoena to a cell phone carrier. More importantly, the ability to serve a subpoena would enable Defendants to place cell phone service providers <u>on notice of discoverable information to prevent routine destruction of information</u>. Second, district courts in this circuit have granted a sampling of

---

[1] We understand that Order dated May 24, 2018, limits pre-trial discovery letter briefs to two pages, double-spaced. However, due to the complexity of the cell phone data issue, that limit has been exceeded.

cell phone records on thinner relevance in wage and hour cases.  See Caputi v. Topper Realty Corp., 2015 WL 893663, at *4 (E.D.N.Y. 2015) (compelling production of cell phone records to test whether plaintiff "engaged in telephone calls with non-work-related phone numbers on days and times that she claims to have worked for Defendants"); Perry v. The Margolin & Weinreb Law Grp. LLP, 2015 WL 4094352, at *4 (E.D.N.Y. 2015).  The relevance, here, is far greater as Defendants do not seek to test the type of activity performed on a cell phone.  Rather, the preciseness of the cell phone location records enables the fact finder, without any speculation, to determine whether Plaintiffs were indeed performing work at the supermarkets. Significantly, Defendants have offered to limit the scope of records to sample time periods.  The parties could easily consent to protective orders on use and disclosure of documents received.  However, Plaintiffs have rejected any offers of compromise.

As such, we respectfully request this Court to compel Plaintiffs to provide cell phone numbers and cell phone service providers for all Plaintiffs during the relevant time period of this matter.

**Defendants Should be Awarded Costs Due to Plaintiffs' Cancelations of Depositions**

Rule 30(d) permits a party to "recover reasonable expenses" if a party fails to appear for that person's deposition.  Here, due to Plaintiff Luisangela Duarte's failure to appear for two depositions, Defendants should be awarded $825 for expenses incurred.  As explained above, Plaintiff Duarte's deposition for Tuesday, May 7, 2019, was improperly canceled only the evening before.  While Plaintiff claimed that their last-minute cancelation of the deposition was due to a scheduling misunderstanding, Defendants understood the agreement to commence depositions earlier on Tuesday and declined to adjourn.  Defendants initially refrained from pursuing any remedies with the clear understanding that depositions would be confirmed to proceed immediately thereafter on Thursday, May 9 – as a resolution to the dispute or misunderstanding.  However, Plaintiff Duarte's cancelation the very next day, without any specified reason, has made this very motion to recover costs necessary.

A "finding of bad faith is not a prerequisite to the imposition of sanctions under Rule 37(d)." See Blauinsel Stiftung v. Sumitomo Corp., No. 99 CIV 1108 (BSJ), 2001 WL 1602118, at *7 (S.D.N.Y. Dec. 14, 2001).  Here, Plaintiff simply did not treat her discovery obligations, namely, to cooperate in the scheduling of a deposition, with due respect.  Any discovery disputes over scheduling misunderstandings should have been resolved by conducting the rescheduled deposition.  Costs would be reasonable, as it would serve as a deterrent to avoiding breaches of good faith resolutions to potential disputes.

      Thank you for Your Honor's consideration.

      Respectfully submitted,

      */s/ Michael Yim*

      Michael Yim

cc:  Counsel for Plaintiffs (Via ECF Only)

**ATTORNEY CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Civil Rule 37.3, I hereby certify that counsel for the movant has made reasonable efforts to confer with Plaintiff in a good faith effort to resolve the issues.  The reasonable efforts made were specifically as follows: in person on April 23, 2019; telephone calls on May 6, 2019; emails on May 7, 2019; email on May 20, 2019; and telephone call on May 28, 2019.

Dated: New York, New York  /s/ Michael Yim
       May 28, 2019  Michael Yim
Rodrigo Tranamil
PUTNEY, TWOMBLY, HALL & HIRSON LLP
521 Fifth Avenue
New York, New York 10175
(212) 682-0020
*Attorneys for Defendants*