**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/28/2020

JAVIER ESTRADA, ARMANDO GARCIA,
LUCERO AYALA VILLAR, LUISANGELA
DUARTE, and ULICES FAUSTO RAMALES, *on
behalf of themselves, FLSA Collective Plaintiffs and
the Class,*

                    Plaintiffs,

v.

KINGSBRIDGE MARKETPLACE CORP.
  d/b/a FOODTOWN,
VERNON MARKETPLACE, INC.
  d/b/a FOODTOWN,
and ESMAIL MOBARAK,

                    Defendants.

No. 17-cv-9890-NSR-LMS

~~[PROPOSED]~~ **ORDER GRANTING (1) PLAINTIFFS' UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE
CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT; (2)
PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF CLASS
REPRESENTATIVES' SERVICE AWARDS; (3) PLAINTIFFS' UNOPPOSED MOTION
FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

The Parties entered into a final settlement totaling $275,000 on November 12, 2019 in a

Settlement Agreement and Release (hereinafter "Settlement" or "Agreement") and Plaintiffs filed

for preliminary approval of the settlement on November 15, 2019, which, for settlement purposes

only, Defendants did not oppose. Declaration of C.K. Lee in Support of Plaintiffs' Motion for

Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval

of the FLSA Settlement ("Lee Decl.") ¶ 21.

On November 26, 2019, this Court entered an Order preliminarily approving the settlement on behalf of the Rule 23 class and FLSA collective set forth therein (the "Class" or the "Class Members"), conditionally certifying the settlement class, appointing Lee Litigation Group, PLLC as Class Counsel, appointing Advanced Litigation Strategies, LLC as Settlement Administrator, and authorizing notice to all Class Members (the "Preliminary Approval Order"). Docket No. 141.

On February 13, 2020, Plaintiffs filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for Final Approval"), which for settlement purposes only Defendants did not oppose. That same day, Plaintiffs also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for a Service Award ("Motion for Service Award"). The motions were unopposed and Defendants did not object to the requests for attorneys' fees, costs, or service payments.

The Court held a fairness hearing on February 28, 2020. No Class Member objected to the settlement at the hearing.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees and Reimbursement of Expenses, the Motion for Service Award, and the supporting declarations, the oral argument presented at the February 28, 2020 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the February 28, 2020 fairness hearing, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.    Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Agreement.

2.    This Court has jurisdiction over the subject matter of this litigation and all matters

relating thereto, and over all Parties.

3.       Pursuant to Rule 23, the Court confirms as final its certification of the Class for settlement purposes based on its findings in the Preliminary Approval Order and in the absence of any objections from Class Members to such certification.

4.       Pursuant to 29 § U.S.C. 216(b), the Court approves the FLSA Settlement and certifies the collective class under the FLSA.

5.       The Court confirms as final the appointment of Plaintiffs Javier Estrada, Armando Garcia, Lucero Ayala Villar, Luisangela Duarte, and Ulices Fausto Ramales as representatives of the Class, both under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

6.       The Court likewise confirms as final the appointment of C.K. Lee of Lee Litigation Group PLLC as Class Counsel for the Class pursuant to Federal Rule of Civil Procedure 23 and for individuals who opted into the Litigation pursuant to 29 U.S.C. § 216(b).

7.       The Court finds that the requirements of the Class Action Fairness Act, 28 U.S.C. §1715 (CAFA), have been satisfied. On November 25, 2019, Defendants mailed CAFA notices to the appropriate federal and state officials, outside of the prescribed ten (10) day period after filing of the Motion for Preliminary Approval. *See* 28 U.S.C. § 1715(b).  The Court held a settlement fairness hearing on February 28, 2020. Thereafter, in the interest of complying with the CAFA requirements, the Court agreed to hold the matter in abeyance until the expiration of the ninety (90) day notice period required by CAFA. Such ninety (90) days having passed, and no comment or objection having been received from any government official with regard to the proposed settlement, the Court finds the requirements of CAFA have been satisfied, and this Order granting final approval of the settlement is now appropriate. *See* 28 U.S.C. §1715(d), (e)(2); *see also In re Processed Egg Products Antitrust Litigation*, 284 F.R.D. 278, 287 n.10 (E.D.Pa. 2012) (granting

final approval of the class action settlement after order of approval held in abeyance until the expiration of the 90-day notice period, and holding that "although the notice requirements under CAFA have not been fully met on a technical basis, the substance of the requirements have been satisfied insofar as giving federal and state officials sufficient notice and opportunity to be heard concerning the [settlement].") (citing *D.S. ex rel. S.S. v. New York City Dep't of Educ.*, 255 F. R.D. 59, 80 (E.D.N.Y. 2008).

8.      The Court finds that the Class Notice and Collective Notice given to Class Members pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

9.      Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval and finally approves the settlement as set forth therein. The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order. The Court specifically finds that the settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation.

10.      The Court finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiff's claims through factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

11.      The settlement is also substantively fair. All of the factors set forth in *Grinnell*, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d

Cir. 1974). Therefore, the Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the Total Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

12.    The Court also finds that the class' reaction to the settlement was positive, as no Class Member objected to the settlement.

13.    The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

14.    The Court hereby grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel $91,666.00, which is approximately one-third of the Settlement Fund, which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised by the Litigation; (E) a lodestar cross check; and (F) Class Counsel's recognized experience and expertise in the market. The Court finds Class Counsel's hourly rates to be reasonable.

15.    The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $2,053.38, which are expenses the Court finds were necessarily and reasonably

incurred by Class Counsel in prosecuting the Litigation. The attorneys' fees and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Fund.

16.     The Court approves and finds reasonable the service awards for each of the Named Plaintiffs JAVIER ESTRADA, ARMANDO GARCIA, LUISANGELA DUARTE, LUCERO AYALA VILLAR, and ULICES FAUSTO RAMALES, each in the amount of $3,000, in recognition of the services they rendered on behalf of the class. This amount shall be paid from the Settlement Fund, subject to the terms of the Parties' Settlement Agreement and Release.

17.     The Court approves and finds reasonable the payment of the Settlement Administrator's fees in the amount of $35,000, which shall be paid by or on behalf of Defendants, out of the Settlement Fund, according to the terms of the Parties' Settlement Agreement and Release.

18.     The Court hereby fully and finally dismisses this matter and Litigation in its entirety and with prejudice. Neither party to this Litigation is or shall be considered a prevailing party.

19.     The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs and the Class, individually or collectively, all such liability being expressly denied by Defendants.

20.     The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

It is so ORDERED this 28th day of Feb. , 2020.

_____
The Honorable Nelson S. Román
United States District Judge

Clerk of the Court requested to terminate
the motions (docs. 143, 146 & 148).